**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JAMES W. CHAMP,
Plaintiff-Appellant,

v.

BALTIMORE COUNTY, MARYLAND;
ROGER B. HAYDEN, In his official
capacity; CORNELIUS J. BEHAN, In his
official capacity as past Chief of
Police,                                                             No. 95-2061
Defendants-Appellees,

and

BALTIMORE COUNTY POLICE
DEPARTMENT; MICHAEL D. GAMBRILL,
In his official capacity as Chief of
Police,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
John R. Hargrove, Senior District Judge.
(CA-93-4031-HAR)

Argued: May 9, 1996

Decided: July 10, 1996

Before RUSSELL, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Lee David Hoshall, Baltimore, Maryland, for Appellant. Gregory Edward Gaskins, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellees. **ON BRIEF:** Michael L. Foreman, KAPLAN, HEYMAN, GREENBERG, ENGELMAN & BELGRAD, P.A., Baltimore, Maryland, for Appellant. Virginia H. Barnhart, County Attorney, Michael A. Fry, Assistant County Attorney, John E. Beverungen, Assistant County Attorney, BALTIMORE COUNTY OFFICE OF LAW, Towson, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James W. Champ appeals the district court's decision denying his motion for summary judgment and granting summary judgment in favor of Baltimore County, Maryland, County Executive Roger B. Hayden and Chief of Police Cornelius J. Behan (collectively, the "Police Department"). Champ claimed that the Police Department unlawfully discriminated against him by placing him on disability retirement because he lost the use of his upper left arm in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, et seq.. He also brought a claim under 42 U.S.C. § 1983.[1] The district court found that Champ, unable to perform the essential functions of a police officer, was not an "otherwise qualified" individual with a disability entitled to protection under the ADA or the Rehabilitation Act, and therefore dismissed his discrimination claim. We affirm.

_____

[1] Champ does not appeal the district court's dismissal of his § 1983 claim. We therefore consider it waived for purposes of appellate review. See Cades v. H&R Block, Inc., 43 F.3d 869, 876 (4th Cir. 1994).

2

I.

Champ suffered an off-duty injury in July 1976 that rendered his upper left arm completely useless. Upon returning to work in December that same year, Champ was assigned to various light-duty positions because of his condition.

The Baltimore County Code and the Baltimore County Police Department regulations limited the Police department to assigning injured officers to light duty for a maximum of 251 days. Nonetheless, for sixteen years following his injury, Champ performed light-duty assignments. Thus, the Police Department employed him for much longer than allowed.

In 1992, then Chief of Police Behan determined that budgetary constraints mandated the removal of those officers who could not perform the full duties of a police officer. All officers who had remained on light-duty assignment in excess of 251 days were placed on either medical retirement or service retirement, were transferred into other positions with the County, or they took leaves of absence or resigned. Champ was placed on disability retirement.

Champ's suit alleged, inter alia, that the Police Department forced him into disability retirement because of his disability in violation of the ADA, and the Rehabilitation Act.

II.

To establish a violation of the ADA or Rehabilitation Act arising from his placement on disability, Champ was required to show that he was disabled; that he was otherwise qualified for the job; and that the Police Department placed him on disability retirement due to discrimination solely based on his disability. Doe v. University of Maryland Medical Sys. Corp., 50 F.3d 1261, 1265 (4th Cir. 1995); Tyndall v. National Education Ctrs., 31 F.3d 209, 212 (4th Cir. 1994). Although Champ clearly showed that he was disabled, the district court found that he had not established a prima facie case of violation of the ADA or Rehabilitation Act because he failed to prove that he was "otherwise qualified" for the job in question.

3

To be "otherwise qualified" within the meaning of the ADA, Champ had to meet all of the Police Department's job requirements, with or without accommodation, in spite of his disability. 42 U.S.C. § 12111(8); Southeastern Community College v. Davis, 442 U.S. 397, 406 (1979). Thus, the district court must consider whether Champ could perform the essential functions of his job without accommodation; and, if he could not, whether any reasonable accommodations by the Police Department would enable him to perform these functions. Tyndall, 31 F.3d at 213.

The district court first considered whether Champ could perform the essential functions of his job without any reasonable accommodation. After thoroughly considering all of the evidence before it, the district court found that the Police Department considered the essential functions of a police officer to be the ability to make forcible arrests, to drive vehicles under emergency conditions, and to qualify with a weapon. The district court further found that Champ offered no evidence disputing the Police Department's conclusions that Champ could not perform these duties in spite of his disability.

The district court also considered whether Champ would be able to perform the essential functions of a police officer if the Police Department "reasonably accommodated" his disability. Under both the ADA and Rehabilitation Act, an employer is required to make reasonable accommodation to the known physical or mental limitations of a qualified disabled individual unless the accommodation would impose an undue hardship on the operation of the business. 42 U.S.C. § 12112(5)(A); School Board of Nassau County v. Arline, 480 U.S. 273, 289 n.17 (1987).

The ADA defines accommodations to include "job restructuring" and "reassignment to a vacant position." 42 U.S.C. § 12111(9)(B). Champ bore the burden of establishing his ability to perform the essential functions of an officer with any reasonable accommodation. Tyndall, 31 F.3d at 213. An accommodation, however, is unreasonable if it requires elimination of an essential duty. Hall v. U.S. Postal Service, 857 F.2d 1073, 1078 (6th Cir. 1988). Champ argued that reassignment to another light-duty position would have reasonably accommodated him. The district court found, however, that all police officers, regardless of their position, were required to be able to per-

4

form the three essential duties of an officer because all patrol and non-patrol officers were subject to reassignment at any time. Furthermore, non-patrol officers performing light duty were often pulled from their light duties to assist in emergencies. Therefore, despite Champ's performing his light-duty jobs efficiently, the district court found that reassigning Champ to light duty would not constitute a reasonable accommodation because Champ was still incapable of performing the essential duties of a police officer. Even while on light duty assignment, Champ could never assist in emergencies or be reassigned to any full-duty position. Thus, the district court concluded that no genuine issue of fact existed as to Champ's allegation that even with an accommodation he could perform the essential functions of a police officer.

The district court also noted that light-duty positions were needed to accommodate the temporary assignment of disabled officers and those officers under disciplinary investigation. Therefore, the district court found that the Police Department did no wrong in finally enforcing its regulation of assigning injured officers to a maximum 251 days of light-duty.

In sum, the district court concluded that Champ failed to establish a prima facie case of discrimination in violation of the ADA or the Rehabilitation Act because Champ was not an "otherwise qualified" individual within the meaning of the Acts.

After carefully reviewing the record, reading the briefs, hearing oral argument, and giving full consideration to the parties' contentions, we affirm the judgment below of the district court, James W. Champ v. Baltimore County, Md., 884 F. Supp. 991 (D.C. Md. 1995).[2]

AFFIRMED

_____

[2] We grant appellant's motion to strike materials in appellee's brief that were not part of the district court record. That information has not been considered in our disposition of this appeal.

5