Dwight A. PETTY, Plaintiff,

v.

FREIGHTLINER CORPORATION,
Defendant.

No. Civ. 4:99CV59.

United States District Court,
W.D. North Carolina,
Shelby Division.

Oct. 5, 2000.

Julie H. Fosbinder, Charlotte, NC, for Dwight A. Petty, plaintiff.

Raboteau T. Wilder, Jr., Deanna Ruddock Lindquist, Tamila Vines Lee, Kilpatrick Stockton LLP, Charlotte, NC, for Freightliner Corporation, defendant.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Defendant's motion for summary judgment, opposed by the Plaintiff. For the reasons stated herein, the Defendant's motion is granted.

## I. STANDARD OF REVIEW

Summary judgment is appropriate if there is no genuine issue of material fact and judgment for the moving party is warranted as a matter of law. Fed.R.Civ.P. 56(c). A genuine issue exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party, here the Plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The Defendant as the moving party has the initial burden to show a lack of evidence to support the Plaintiff's case. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). If this showing is made, the burden then shifts to the Plaintiff who must convince the Court that a triable issue does exist. *Id.* Such an issue will be shown "if the evidence is such that a reasonable jury could return a verdict for the [Plaintiff]." *Id.* A "mere scintilla of evidence" is not sufficient to defeat summary judgment. *Id.* Moreover, in considering the facts of the case for purposes of the Defendant's motion, the Court will view the pleadings and material presented in the light most favorable to the Plaintiff, as the nonmoving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## II. STATEMENT OF FACTS

Petty sustained a knee injury in 1996 while on the job at Freightliner. **Plaintiff's Opposition to Defendant's Motion for Summary Judgment, at 2.** He underwent two surgeries to repair the injured knee, but has never regained full use or motion of the knee. *Id.*, at 2–3. Petty's physical limitations resulting from that injury include being restricted to lifting no more than 25 pounds and being able to stoop 6–10 times per hour, bending 6–10 times per hour, jumping only occasionally, and squatting no further than the 60 degree angle. *Id.*, at 3; **Deposition of Dr. Neal Taub, at 34–36.** According to his doctor, he is able to drive, mow the grass, walk normally, stand on a continuous basis, and learn without impairment. *Id.*, at 25–36. Petty has a 30 percent disability. **Plaintiff's Opposition, at 3.**

Before his injury Petty was employed as a truck assembler. *Id.*, at 4. Truck assemblers perform a wide number of tasks, and the tasks vary widely in both skill level

and physical requirements. *Id.*, at 5. During Petty's rehabilitation he was placed on medical leave. *Id.* During this time period, Freightliner was laying off a large number of workers. *Id.*, at 5–6. In January of 1998, Plaintiff sought to return to work. *Id.*, at 6. He provided George Eubanks, Freightliner's personnel manager, with details of his physical limitations. *Id.* It is not contested that Petty's physical limitations prevented him from performing all of the tasks included in a truck assembler's duties.

Pursuant to Petty's request to return to work, Eubanks looked for open positions with job requirements that Petty could fulfill in light of his physical limitations. *Id.*, at 7; **Deposition of George Eubanks, at 41–46.** Eubanks found no open positions for which Petty qualified. *Id.*, at 42, 46. Freightliner and Petty discussed conducting a Functional Capacities Exam ("FCE") to determine what positions Petty could qualify for and perform. **Deposition of Dwight Petty, at 123–24; Affidavit of Virginia McAillister *attached to* Defendant's Motion in Support of its Summary Judgment Motion, at ¶ 4.** Petty was terminated in August, pursuant to the time-for-time provision in his Union's Collective Bargaining Agreement. **Plaintiff's Opposition, at 9; Deposition of Wayne Simon, at 73.** Petty subsequently underwent the FCE and was rehired, with seniority, by Freightliner. He is currently employed in the position of quality assurance. **Plaintiff's Opposition, at 10.**

Petty contends that under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, Eubanks and Freightliner were required to assign him to a particular task within the truck assembler position, and to exempt him from the requirement that truck assemblers be available and able to rotate to other tasks within the job as needed. **Plaintiff's First Amended Complaint, at 2, 3; Plaintiff's Surreply Memorandum in Opposition to Defendant's Motion for Summary Judgment, at 6.** He also asserts that there were other discrete positions open for which he was qualified and to which he should have been assigned. **Plaintiff's First Amended Complaint, at 2, 3; Plaintiff's Surreply, at 4.** Based on these assertions, Petty alleges that Freightliner violated the ADA.[1]

### III. DISCUSSION

#### A.

■ To establish a cause of action under the ADA, a plaintiff must show: "(1) that he has a disability; (2) that he is otherwise qualified for the employment or benefit in question; and (3) that he was excluded from the employment or benefit due to discrimination solely on the basis of the disability." *Doe v. University of Maryland Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir.1995). A disability means, in the context of the ADA, "a physical or mental impairment that substantially limits one or more of the major life activities of such an individual; [ ] a record of such an impairment; or [ ] being regarded as having such an impairment." 42 U.S.C. § 12102(2). There is no dispute that Plaintiff has a physical impairment; the question is whether this impairment substantially limits one or more major life activities.

#### 1. Substantially Limited in a Major Life Activity Other Than Work

In deciding the question of whether a disability exists, courts should first consider whether the plaintiff is substantially limited in a major life activity other than work. *See* 29 C.F.R. § 1630.2(j). Major

---

1. In support of his claim, Plaintiff makes explicit reference to, and quotes from, a letter sent in the course of settlement negotiations from Freightliner's counsel to Plaintiff discussing proposed terms of settlement. Not only does Fed.R.Evid. 408 prohibit the submission of such evidence, counsel is prohibited from seeking to influence a tribunal or disrupt a tribunal by intentionally violating any established rule of evidence. N.C. Revised Rules of Professional Conduct 3.5(a)(1), (a)(4)(iii). *Accord, Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652 (4th Cir.1988).

life activities, for purposes of ADA claims, include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, [and] learning...." 29 C.F.R. § 1630.2(i). Though this list is not meant to be exhaustive, it is representative of the type of activity meant to be included within the ADA penumbra. 29 C.F.R. § 1630.2(i).

■ Plaintiff asserts that because of the restrictions on bending, stooping, and squatting, he is unable to bowl, play softball, run, do household plumbing and mechanical chores, and has had to limit the frequency with which he performs other chores including vacuuming, shopping, and cleaning the bathroom. *See* **Plaintiff's Surreply, at 3.** Plaintiff also claims that he must sit in the aisle seat when patronizing movie theaters. *See* **Plaintiff's Opposition, at 4.** The Court notes that Plaintiff's bare assertions of these numerous limitations are in tension with the testimony of his doctors. Dr. Taub testified that Plaintiff can walk, lift up to 25 pounds, stand on a continuous basis, sit, stoop to a certain level, do some jumping, drive, and learn. **Taub Deposition, at 25–36.** Plaintiff acknowledges that he is able to stoop, bend, squat at a 60 degree angle, and lift up to 25 pounds, all several times an hour. *See* **Plaintiff's Opposition, at 17.**

Regardless, the Court finds that even assuming the complete truth of Plaintiff's averred limitations, his particular physical limitations do not constitute a significant restriction on, and therefor do no qualify as substantially limiting, a major life activity other than work. *See Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 199 (4th Cir.1997); *accord, Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 349 (4th Cir.1996) **(holding, as a matter of law, that a 25 pound lifting limitation "does not constitute a significant restriction on one's ability to lift, work, or perform any other major life activity.");** *Miller v. Airborne Express*, 1999 WL 47242, *4, *5 (N.D.Tex.1999) **("While [plaintiff's] knee injury may substan-tially limit his ability to crawl, kneel, squat, or climb, this Court finds that those actions do not constitute major life activities, as defined under the ADA.");** *Hazeldine v. Beverage Media, Ltd.*, 954 F.Supp. 697, 703–04 (S.D.N.Y. 1997) **(inability to kneel and bend does not qualify as substantially limiting a major life activity);** *Piascyk v. City of New Haven*, 64 F.Supp.2d 19, 26 (D.Conn. 1999), *aff'd*, 216 F.3d 1072, 2000 WL 804610 (2nd Cir.2000) **(running, jumping, crawling, climbing stairs and ladders, do not qualify as major life activities under the ADA).**

### 2. Substantially Limited in the Major Life Activity of Work

Next, the Court must determine whether the Plaintiff has offered sufficient evidence from which a reasonable jury could conclude that he is substantially limited in the major life activity of work. Defendant's physical limitations have been noted, *supra*, and need not be repeated.

■ Plaintiff admits that due to his physical limitations, he is unable to perform all of the job requirements and tasks required of those in the job of truck assembler—the position in which he was employed prior to his injury. **Plaintiff's Opposition, at 5, 10–11.** Employees in that position, Plaintiff admits, perform dozens or even hundreds of tasks, both skilled and unskilled, which may include the use of a variety of tools. *Id.* **at 5.** Truck assemblers may be assigned to a particular task for months or even years at a time, *see id.*, but can be reassigned to any other task within the truck assembler position at the company's discretion. *Id.;* **Deposition of Wayne Simon, at 9.** Indeed, on "any given day, you could be moved anywhere in a truck assembler classification." *Id.*, **at 10–11.** Furthermore, because the job requires versatility on the part of the employees and the ability to handle an array of physically demanding tasks, the company does not assign an employee to this position if the employee indicates that he

or she will be unable to perform any given task. *Id.,* at 11–12, 69.

Because Plaintiff can no longer fulfill the job duties of a truck assembler, he argues that he is substantially limited in the major life activity of work. "[W]hen the major life activity at issue is working, the 'inability to perform a single, particular job does not constitute a substantial limitation;' in this circumstance 'substantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes.'" *Williams,* 101 F.3d at 349 (quoting 29 C.F.R. § 1630.2(j)(3)). Plaintiff's physical limitations do not render him unable to perform a class of jobs or a broad range of jobs in various classes. Instead, he is precluded simply from performing the job of truck assembler. Plaintiff has offered no evidence that he is unable to perform other jobs, and, in point of fact, is currently employed by Defendant in the position of quality assurance. *See* **Plaintiff's Opposition, at 10.** As such, the Court finds that though Plaintiff can no longer work as a truck assembler, he is not precluded from working in a class of jobs and is therefore not substantially limited in the major life activity of work. *Accord, Vass v. The Riester & Thesmacher Co.,* 79 F.Supp.2d 853, 861 (N.D.Ohio 2000) **(where plaintiff was unable to kneel, walk up and down stairs, bend, squat, or stand for more than 30 minutes, and his physical limitations prevented him from returning to his previous job though he could perform other jobs in the plant, his knee injury did not qualify as substantially limiting the major life activity of work);** *Law v. City of Scottsville,* 221 F.3d 1335 (table), 2000 WL 799742 (6th Cir.2000) (plaintiff who claimed a 35 percent permanent disability and could not do any heavy lifting failed to show that his injury disqualified him from a class of jobs, and therefore was not disabled under the ADA); *Miller v. Airborne Express, supra; Jennings v. Greenville Utilities Comm'n,* 1998 WL 696932 (E.D.N.C.1998).

**B.**

Plaintiff argues that even if the Court finds that he is not disabled, he was nonetheless regarded as an individual with a disability and had a record of a disability. According to the Supreme Court, an individual may qualify as under these provisions if:

> (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, non-limiting impairment substantially limits one or more life activities. In both cases, it is necessary that a covered entity entertain misperceptions about the individual—it must believe either that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting. These misperceptions often "resul[t] from stereotypic assumptions not truly indicative of . . . individual ability."

*Sutton v. United Airlines, Inc.,* 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (citations omitted). Furthermore,

> [A]n employer is free to decide that physical characteristics or medical conditions that do not give rise to the level of an impairment—such as one's height, build, or singing voice—are preferable to others, just as it is free to decide that some limiting, but not substantially limiting, impairments make individuals less than ideally suited for a job.

*Id.,* at 490–91, 119 S.Ct. 2139.

Plaintiff alleges that Eubanks' refusal to return him to work as a truck assembler is conclusive evidence that Freightliner regarded him as disabled. **Plaintiff's Opposition, at 21.** The record, however, shows that Freightliner was aware of Plaintiff's injury, the surgeries performed to correct it, and the physical limitations placed upon Plaintiff, as related by his doctors, due to his injury. Freightliner harbored no mis-

taken belief concerning Plaintiff's physical condition. Instead, it understood Plaintiff's physical limitations and determined that he was not suited for a position as a truck assembler. *See Whitworth v. Freightliner Corp.*, 2000 WL 1139529 (4th Cir.2000).[2] Plaintiff has failed to offer even a scintilla, much less sufficient, evidence from which a reasonable jury could conclude that Freightliner had a mistaken belief concerning Plaintiff's injury or inappropriately stereotyped him.

### C.

▉ Finally, the Court briefly notes that even if Plaintiff had cleared the first hurdle and presented sufficient evidence from which a reasonable jury could conclude that he is disabled, he fails to clear the second hurdle which requires a showing that he is "otherwise qualified" within the meaning of the ADA. *See* 42 U.S.C. § 12111(8). "The term 'qualified individual with a disability' means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position...." *Id.* Plaintiff bears the burden of establishing his ability to perform the essential functions of the employment position with or without a reasonable accommodation. *Tyndall v. National Education Ctrs.*, 31 F.3d 209, 213 (4th Cir.1994). An accommodation is unreasonable if it requires elimination of an essential duty. *Champ v. Baltimore County*, 91 F.3d 129 (table), 1996 WL 383924, *2 (4th Cir.1996) (citing *Hall v. U.S. Postal Service*, 857 F.2d 1073, 1078 (6th Cir.1988)).

▉ It is uncontested that Plaintiff's injury prevented him from fulfilling every task requirement in the position of truck assembler. However, as noted *supra,* Plaintiff argues that Defendant is required to place him back in the truck assembler position assigned permanently to a task that his injury does not prevent him from completing. Plainly, then, Plaintiff's position is unsustainable; employers are not required by the law to eliminate an essential duty of the job. Truck assemblers are moved freely from task to task, and the ability to complete any task to which an employee is assigned within the 'truck assembler' job is certainly an 'essential duty'. ***See generally* Affidavit of Bob Riggins,** at ¶'s 7, 8.

▉ Plaintiff argues in the alternative that Defendant should have assigned him to another position within the company. The Fourth Circuit has previously held that "the duty of reasonable accommodation does not encompass a responsibility to provide a disabled employee with alternative employment when the employee is unable to meet the demands of his present position". *Myers v. Hose*, 50 F.3d 278, 284 (4th Cir.1995). Though the Circuit has not expressly overruled *Myers*, it has recently recognized the preference for reassignment as a reasonable accommodation found in 29 C.F.R. § 1630.2(*o*)(2)(ii). *EEOC v. Stowe–Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir.2000). Even under this more accommodating standard the Plaintiff has the burden of showing that reasonable accommodations are available and that he is qualified for the position to which he seeks reassignment. *Reed v. Heil Co.*, 206 F.3d 1055, 1062 (11th Cir. 2000). Plaintiff's bare allegations that there were other positions open for which he was qualified and capable of perform-

---

**2.** The Court notes that this issue was litigated, decided, and affirmed on appeal by the Fourth Circuit in another case argued by Plaintiff's counsel. There, as here, Defendant Freightliner was accused of regarding a worker as disabled. And there, as here, the court found that because Freightliner was aware of the plaintiff's injuries, and related limitations, there could be no credible charge of mistaking plaintiff for someone disabled under the ADA. It is particularly disturbing that counsel was involved in that case and yet neglected to bring the case to the Court's attention, or even comment on the case after Defendant brought it to the Court's attention. A failure to disclose adverse authority, as counsel failed to do here, may constitute an ethics violation. *See* N.C. Revised Rules of Professional Conduct 3.3(a)(3).

ing, cannot overcome Eubanks' sworn testimony to the contrary. **Eubanks Deposition at 41–42, 46;** *see generally EEOC v. Humiston–Keeling, Inc.,* 227 F.3d 1024 (7th Cir.2000) **(the ADA neither mandates "a policy of affirmative action in favor of individuals with disabilities, in the sense of requiring that disabled person be given priority in hiring or reassignment over those who are not disabled[ ]", nor requires "an employer to reassign a disabled employee to a job for which there is a better applicant").** Plaintiff was placed on leave for two years and is now employed by Defendant in a position, the job requirements of which he can meet even with his injury. Plaintiff's claim fails to clear this second hurdle as well.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendants' motion for summary judgment is hereby **GRANTED.** A Judgment dismissing this action is filed herewith.

## *JUDGMENT*

For the reasons set forth in the Memorandum and Order filed herewith,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Defendant's motion for summary judgment is **ALLOWED,** and this matter is hereby **DISMISSED WITH PREJUDICE** in its entirety.